**C.L. (Sarge) WALDREP, Plaintiff,**

v.

**The GASTON COUNTY BOARD OF ELECTIONS, Defendant.**

**No. C–C–82–780–M.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 20, 1983.

James C. Fuller, Jr., Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P.A., Charlotte, N.C., for plaintiff.

Grady B. Stott and Jeffrey M. Trepel, Stott, Hollowell, Palmer & Windham, Gastonia, N.C., for defendant.

## ORDER OF DISMISSAL

McMILLAN, District Judge.

Plaintiff, former Sheriff of Gaston County, North Carolina, stood for election as Sheriff on the Republican ticket in the November 2, 1982 election, and lost his bid by 237 votes out of 28,354. Gaston County conducted the election for the most part with ballots which had a block to vote a "straight" party ticket for all of the candidates of a particular party (Democrat, Republican and Libertarian). Below that "straight" party ticket box there were spaces in which a voter could check individual choices. Some voters who voted "straight" party tickets also checked some individual choices. Pursuant to statute, where a voter had checked the block indicating a straight ticket vote, his individual choices were disregarded.

[The CES and AIRMAC voting machines used to count the paper ballots in the Gaston County election can be, but were not, programmed so that individual choices are recorded and counted even though a straight ticket has been checked.]

Waldrep contended that many people who voted the straight Democratic ticket also checked Waldrep, a Republican, as their individual choice for Sheriff, and that he was entitled to a re-count and to an order that he be declared the duly elected Sheriff of Gaston County.

Getting no relief from state authorities, he filed this suit alleging that the practices complained of violated his rights to equal protection of laws under the Constitution of the United States.

On June 23, 1983, after this case had been pending for six months, the Fourth

Circuit Court of Appeals decided *Hendon, et al. v. North Carolina State Board of Elections, et al.*, 710 F.2d 177 (4th Cir. 1983). *Hendon* held unconstitutional the practices of which plaintiff Waldrep complains. However, it refused to afford relief to Hendon because he had failed to challenge the unconstitutional voting practices *before the election took place*, and had failed to produce any evidence demonstrating why he could not have made such a challenge before the election.

*Hendon* thus appears to hold that in cases challenging procedural irregularities in elections, the plaintiff must demonstrate his inability to have challenged the irregularities before the election if he is to hope for retroactive relief.

Unfortunately, although plaintiff has offered several common sense reasons (*e.g.*, that he had not yet been harmed and could demonstrate no harm) why he failed to challenge these practices before the election, he has made no showing that he was "unable" to challenge those practices before the election.

Were the question open for decision, I would hold in the plaintiff's favor, because if he is right on his facts he has been a victim of manifest injustice. However, the issue appears foreclosed by the *Hendon* decision, and I see no alternative except to deny relief.

Therefore, the court finds that the statutory practice utilized by the Gaston County Board of Elections in the November 1, 1982 election, under which straight ticket voters were deemed to have voted for all the candidates of the designated party despite individual votes cast for individual candidates, deprived plaintiff of the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution. However, since plaintiff failed to show why he could not have challenged this unconstitutional practice before the election, his claim for relief must be, and it hereby is DENIED.

The action is DISMISSED. No costs will be assessed.